## Liquidation of Bank Operating on Restricted Basis

SCHNADER, Attorney General, October 7, 1933.—You have asked to be advised regarding the status of "new deposits", when you take possession of institutions which have been operating on a restricted basis under the Act of March 8, 1933, P. L. 9.

We advise you as follows:

1. *Amounts Payable on New Deposits:* The act just referred to requires new deposits to be segregated "and invested in liquid assets as defined by the Secretary", and provides that "All such new deposits shall be available exclusively for the benefit of new depositors until such depositors have been paid in full, and shall always be withdrawable on demand without restrictions."

We understand that all new deposits have been segregated and invested in United States obligations, deposits with a Federal reserve bank, and secured deposits with other banks.

If you take possession of a bank operating on a restricted basis, you will of course immediately sell any United States obligations in which its new deposits have been invested, so that you will have available for the payment of new deposits the proceeds of those obligations, plus interest on the obligations since the investments were made, plus deposits with Federal reserve banks and secured deposits with other banks.

You cannot pay the new depositors more than the total of these various funds, for the act does not give the new depositors any special claim on the other assets of the restricted bank. If the funds accruing from new deposits are not sufficient to pay new deposit claims in full, each new depositor will have the status of an ordinary depositor as to his share of the deficiency.

2. *Outstanding Checks:* You have no power to honor checks presented for payment after you have taken possession of the bank, even though the drawer of the check was a new depositor.

3. *Fixing New Deposit Liabilities:* As soon as possible after taking possession, you will fix the amount owed the institution by every new depositor on matured and unmatured loans. Where a new depositor has also an old deposit, you will first apply the old deposit to the debt which he owes the institution, and if this is not enough, you will apply as much of the new deposit as is required. . You will determine what outstanding collection items are to be added to or subtracted from each new depositor's account. You will also determine the amount to be deducted from any deposit to meet attachments served before the closing or claims served after the closing. As soon as you have thus determined the amount due each new depositor, you will pay him by check, as you now do in the case of advance payments. Such a payment will protect you, because the drawee and endorsing banks will guarantee the identity of the party who receives the money.

Although the Act of March 8, 1933, makes no specific provision for the immediate payment of new deposits after the closing of the depository bank, you may lawfully make such payments at once. As the new deposit account can be utilized only to pay new depositors, it was clearly the intention of the legislature that new depositors should not be required to wait for 120 days after the closing of the institution before receiving the amounts of their deposits, as is required in the case of ordinary deposits. The new deposits are a special fund, available immediately to depositors not only while the institution is open but after it has been taken in possession.

4. *Set-offs:* If a new depositor owes money to the closed institution, you will, as indicated above, deduct the amount owed, first from his old and then from his new deposit account. The act makes the new deposits "withdrawable on demand without restriction". But this simply means that there is to be no restriction on the bank's right to pay; it does not prevent the bank or its receiver from withholding all or part of the new deposit to pay a debt owed the bank by the depositor. If the deposit could not be withheld under such circumstances, other creditors of the depositor would fare better than the bank itself.

No part of a new deposit made by a stockholder of a bank should be retained by the Secretary of Banking to answer such stockholder's possible assessment liability. We have advised you that a stockholder cannot set off his liability on a stock assessment; and you should therefore not take the opposite position when new deposits are concerned. New depositors are entitled to have their balances paid on demand, without deduction for what is at best a possible set-off.

5. *Attachment or Notice Served:* Where an attachment has been served on the institution by a third party who is a judgment creditor of the new depositor, or where a notice of claim has been given to you by such a judgment creditor in accordance with section 712 (c) of the Department of Banking Code of May 15, 1933, P. L. 565, after you have taken possession, and before the new depositor has been paid, you should deduct from the new deposit the amount needed to satisfy the attachment, and should hold that sum to answer the further order of the court having jurisdiction of your receivership.

6. *Rediscounted Notes:* If a new depositor has given the bank a note which has been rediscounted with another bank holding collateral or a cash deposit of the closed bank, you should withhold a sum sufficient to cover the note until the depositor pays it.              From C. P. Addams, Harrisburg, Pa.